## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | CASE NO.   22-50231 |
| MARJORIE PARTCH, | CHAPTER   13 |
| Debtor. | ECF No.   25 |

### Appearances

| | |
|---|---|
| Marjorie Partch | *Pro se Debtor* |
| Roberta Napolitano<br>10 Columbus Boulevard<br>6th Floor<br>Hartford, CT 06106 | *Chapter 13 Trustee* |
| Donald E. Frechette<br>Tara L. Trifon<br>Locke Lord LLP<br>20 Church Street<br>Hartford, CT 06120 | *Attorneys for CitiMortgage, Inc.* |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION TO DISMISS WITH PREJUDICE

Julie A. Manning, United States Bankruptcy Judge

**I.   Introduction**

On May 13, 2022, Marjorie Partch (the "Debtor"), proceeding *pro se*, commenced this case by filing a Chapter 13 petition. The Debtor filed her Chapter 13 Plan on May 31, 2022. On September 21, 2022, creditor CitiMortgage, Inc. ("CMI") filed a Motion to Dismiss the Debtor's case with prejudice (the "Motion to Dismiss," ECF No. 28). On September 22, 2022, a Notice of Hearing was issued scheduling a hearing on the Motion to Dismiss to be held on October 20,

2022, and setting a date of October 13, 2022 to respond to the Motion to Dismiss.[1] On October 20, 2022, a hearing was held on the Motion to Dismiss. CMI appeared at the hearing, but the Debtor did not appear. The Motion to Dismiss is ripe for adjudication.

For the reasons that follow, the Court grants the Motion to Dismiss with prejudice. All other pending matters in the Debtor's case are now moot due to the dismissal of the case.[2]

## II. Standard for dismissal with prejudice and/or to prevent an abuse of process

Section 1307, which governs dismissal of Chapter 13 cases, provides, in part, as follows:

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…

11 U.S.C. § 1307. Subsection (c) goes on to provide "a non-exhaustive list of events that would be considered 'for cause.' Although not expressly enumerated in the statute, it is well established that lack of good faith may also be cause for dismissal under § 1307(c)." *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017) (internal quotation marks and citations omitted). A court must review the totality of the circumstances to determine whether a case should be dismissed for lack of good faith. *Id.* at 499-500. The totality of the circumstances analysis "should take into consideration whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (quoting *In re Love,* 957 F.2d 1350, 1357 (7th Cir.1992)).

---

[1] The Debtor did not respond to the Motion to Dismiss, but instead requested a continuance of the hearing on the morning of the scheduled hearing. ECF No. 37.
[2] All other pending matters, which are hereby moot, include the Debtor's Motion For Order to Compel Alleged Creditor CitiMortgage, Inc. to File Proof of Claim Form #410 (ECF No. 44).

While dismissal of a bankruptcy case is generally without prejudice, section 349(a) "at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd,* 198 F.3d 327 (2d Cir. 1999). Section 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349. Therefore, "if 'cause' exists, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse* at 662.

**III.     Cause exists to dismiss the Debtor's case with prejudice**

This is the Debtor's fifth bankruptcy case. The Debtor's first four Chapter 13 bankruptcy cases were dismissed without a confirmed plan. The Debtor's second case was dismissed with prejudice with a two-year bar to filing a subsequent petition. *See In re Partch*, Case No. 19-51084 (JAM), 2020 WL 211447, (Bankr. D. Conn. Jan. 7, 2020, ECF No. 62). Her third case was filed during the two-year bar to filing a subsequent petition and was dismissed and declared void *ab initio*. *See In re Partch*, Case No. 21-11789 (CGM) (Bankr. S.D.N.Y., entered Oct. 19, 2021, ECF No. 6). The Debtor's fourth case was dismissed for failure to file required information. *In re Partch,* Case No. 22-50186 (JAM) (Bankr. D. Conn., Dismissed May 9, 2022).

Furthermore, similar to the Debtor's previous Chapter 13 case which was dismissed with prejudice in 2020, the present case does not appear to have a legitimate bankruptcy objective. At the time of the filing of this case—as was true in 2019—the Debtor had another case pending but

3

dismissed within the previous year.  *See In re Partch*, Case No. 19-51084 (JAM), 2020 WL 211447, (Bankr. D. Conn. Jan. 7, 2020). *See also In re Partch,* Case No. 22-50186 (JAM) (Bankr. D. Conn., Dismissed May 9, 2022).  In accordance with section 362(c)(3), the automatic stay terminated on the thirtieth day after filing the Debtor's petition.  *See* 11 U.S.C. § 362(c)(3). Although the Bankruptcy Code allows a debtor to file a motion to extend the automatic stay beyond the initial thirty days of the case, the Debtor made no efforts to do so in this case.  Also, the Debtor's proposed Chapter 13 Plan is not confirmable for two reasons.  First, no Proofs of Claim have been filed.  Second, the record in the Debtor's case establishes that she has not made any payments to the Chapter 13 Trustee in violation of 11 U.S.C. § 1326(a).  *See* ECF No. 24.

      The facts set forth above and contained in the record of the Debtor's bankruptcy cases demonstrate that dismissal with prejudice is warranted under the totality of the circumstances. The Debtor's pattern of the repeat filings demonstrates that despite the previous two-year bar to filing a subsequent petition, the Debtor continues to use the bankruptcy process as a mechanism to delay CMI from completing transfer of title of real property to the successful bidder at a foreclosure sale.

      In the Motion to Dismiss, CMI has asked this Court to order a permanent bar to filing a subsequent petition.  ECF No. 25.  A permanent bar to filing a subsequent petition is a drastic sanction, and has been described as the "capital punishment of bankruptcy," *See Colonial Auto Ctr. V. Tomlin (In re Tomlin)*, 105 F.3d 933, 937 (4th Cir. 1997).  The Second Circuit has declined to decide whether a bankruptcy court may permanently preclude serial filers from filing subsequent bankruptcy petitions, and instead has upheld a bar to filing a subsequent petition for a specified amount of time sufficient to allow creditors to foreclose on a property.  *In re Casse*,

198 F.3d 327, 333-334, n. 4 (2d Cir. 1999). The Court finds that a permanent bar to filing a subsequent petition is not appropriate in this case, but dismissal with prejudice is appropriate.

### IV.     Conclusion

The Debtor's instant Chapter 13 case was not filed in good faith and was filed to hinder, delay, or frustrate creditors, which is an abuse of the bankruptcy process. A review of the totality of the circumstances establishes that cause exists pursuant to 11 U.S.C. § 1307(c) to dismiss the Debtor's case. *See Armstrong*, 409 B.R. at 634. The facts also demonstrate that cause exists to dismiss the Debtor's case with prejudice to filing a subsequent petition for a two-year period. Pursuant to 11 U.S.C. § 349(a), dismissal of the Debtor's case with prejudice is warranted under the circumstances present here.[3] *See Casse*, 219 B.R. at 662.

Accordingly, it is hereby

**ORDERED:** Pursuant to 11 U.S.C. §§ 1307(c), 349(a), and *In re Casse*, 198 F.3d 327 (2d Cir. 1999), cause exists to dismiss the Debtor's case and to impose conditions on the dismissal to prevent an abuse of process; and it is further

**ORDERED:** The Debtor's case is dismissed with prejudice with a two-year bar to filing a subsequent petition under any chapter of the Bankruptcy Code from the date of the entry of this Order; and it is further

**ORDERED:** All other pending motions are moot due to the dismissal of this case; and it is further

---

[3] Pursuant to both 11 U.S.C. §§ 349(a) and 1307(c), and *In re Casse*, 198 F.3d 327 (2d Cir. 1999), the court has sufficient authority to dismiss with prejudice, and therefore does not need to utilize Section 105(a) to dismiss this case with prejudice.

**ORDERED**: At or before 5:00 p.m. on November 29, 2022, the Clerk's Office shall serve this Order upon the Debtor at the address listed on the Debtor's Chapter 13 petition.

Dated at Bridgeport, Connecticut this 29th day of November, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut